Gaston, J.
 

 The writ of
 
 certiorari
 
 from the Superior to the County Court, as it has been moulded by judicial usages and legislative enactments, to suit the convenience of our citizens, issues ordinarily after a judgment, to correct some alleged injustice, which the party complaining has not had
 
 *410
 
 an opportunity of causing to be corrected by the ordinary remedy of appeal. When the record is brought up by this writ, the first enquiry in the Superior Court is, whether there shall be a re-examination of the matter, wherein the alleged injustice occurred. If this be decided in the negative, the
 
 certiorari
 
 is dismissed, and a
 
 procedendo
 
 awarded to the County Court to execute its judgment; but if it be decided in the affirmative, then the proceeding by
 
 certiorari
 
 becomes, as to the matter complained of,
 
 that
 
 for which it is substituted, an appeal, atrial
 
 de novo
 
 both as to law and fact is awarded in the Superior Court, and the judgment to be re-examined is, by such award, annulled. This is the light in which the
 
 certiorari
 
 was in this case originally regarded, both by the petitioners and the Court to which it was returned. The application for the writ was made in behalf of such only of the defendants in the judgment, as felt themselves thereby aggrieved, and their prayer was that the judgment should be reversed, “ and they have an opportunity of pleading to the said cause.” And when, in obedience to the writ, the record was brought up to the Court, it was ordered that “ a new trial be had, and that in the issue, the defendant to the
 
 certiorari
 
 should be the party plaintiff, and the petitioners the defendants.” But at the subsequent Term, instead ofproceeding to the trial of the merits involved in the issue, the petitioners prayed that the judgment below should be reversed
 
 for error,
 
 no further trial be had, and the parties dismissed from the Court.
 

 We think that the Court erred in assenting to this prayer. The
 
 certiorari
 
 xvas not in the nature of a
 
 writ of error. It
 
 can operate as such, only xvhere a writ of error does not lie, and we see no reason to doubt but that a writ of error might have been sued out to reverse the judgment in this case.— A
 
 general
 
 jurisdiction is expressly conferred by statute on the Superior Court to grant writs of error, for correcting all errors of the County Court, and this grant x>f jurisdiction is limited only by the necessary and implied exception of those c3s.es, wherein the errors of the inferior Court cannot be cor-*
 
 *411
 
 rected by such a writ. The judgment here complained of, was not one of those cases. It was rendered in a civil suit,
 
 inter partes,
 
 on a matter of right, to be judged of by the law common to both Courts, and where the proceedings were to be in all respects according to the usages of the common law, except so far as the public statutes had interferred for expediting the process, pleadings and trial therein. It has not heretofore been questioned, we believe, that in such a case, any error to be found in the judgment of the County Court might be revised by writ of error. See
 
 Guion
 
 v.
 
 Shepard, Conf. Rep.
 
 26. Besides, in a writ of error, where there is a common judgment, all against whom it is rendered must join, for an
 
 entire
 
 judgment cannot be reversed in part.
 

 The final Judgment in the Court below must be reversed, and the causeremitted to that Court, in order that a trial be had between the original plaintiff and the petitioners, as to their alleged indebtedness as the sureties of John J. Bryan.
 

 Pun Curiam, Judgment accordingly.